# IN THE COURT OF APPEALS OF IOWA

No. 15-1494
Filed December 21, 2016

**LUIS CARLOS CENICEROS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, John D. Telleen, Judge.

Luis Carlos Ceniceros appeals the denial of his postconviction-relief application. **AFFIRMED.**

Courtney T. Wilson of Gomez May L.L.P., Davenport, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Luis Carlos Ceniceros appeals the denial of his postconviction-relief (PCR) application in which he claimed his trial counsel was ineffective in failing to adequately advise him of the immigration consequences of his guilty plea. Ceniceros concedes his trial counsel told him his plea might have some effect on his immigration status but contends he was not fully apprised of the likelihood of any effect coming to pass. Prior to the hearing on Ceniceros's PCR action, Ceniceros's trial counsel was deposed. Ceniceros's counsel testified, in relevant part, to the following: she was well aware of her duties under *Padilla v. Kentucky*, 559 U.S. 356 (2010), and had helped organize a seminar on the case in 2010; she determined and told Ceniceros that, based on his status and the crimes with which he was charged, "he would be removed from the country and very likely, if not definitely, not be allowed to return through legal immigration"; she had advised Ceniceros to speak to his consulate and retain an immigration attorney; she had spoken to the immigration attorney retained by Ceniceros's family and relayed the information received from this immigration attorney to Ceniceros; and she provided Ceniceros a checklist entitled "Immigration Consequences of Crimes Checklist." The record also reflects Ceniceros initialed a provision of the written plea of guilty that provided: "For persons who are not U.S. citizens: I understand that a criminal conviction or deferred judgment may result in my deportation or have other adverse immigration consequences if I am not a U.S. Citizen. I have had the opportunity to discuss this with my attorney and consulate."

In denying Ceniceros's claim, the PCR court found the testimony of Ceniceros's counsel "could scarcely have been more in conflict from that of Mr. Ceniceros" and determined Ceniceros's counsel's testimony was more credible. On appeal, Ceniceros contends the PCR court erred in finding his counsel more credible. On our de novo review, giving weight to the credibility findings of the district court, *see Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001), we affirm the district court's finding Ceniceros's counsel did not fail to perform an essential duty.

We affirm the district court's denial of Ceniceros's PCR application without further opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**